UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEEL HEAD FILMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TATEYR KAHAN,<br><br>    Defendant. | Case No.  15-mc-80228-EDL<br><br>**ORDER DENYING PETITION FOR PRE-COMPLAINT DISCOVERY** |

On August 31, 2015, Petitioner Steelhead Films LLC filed a Petition for Pre-Complaint Discovery pursuant to Federal Rule of Civil Procedure 27(a). According to the Petition, Petitioner is the producer and copyright owner of the film "The River Why," which was allegedly unlawfully reproduced and distributed over the internet via YouTube. Someone going by the name Tateyr Kahn allegedly reproduced, distributed and sold advertising to the film in violation of Petitioner's rights under the Copyright Act. Petitioner claims that it does not know the true identity of Tateyr Kahn, and cannot serve the proper defendant without obtaining the true name, address telephone number and email address of Tateyr Kahn. Petitioner thus requests leave to take a deposition of YouTube LLC by written interrogatory to determine Tateyr Kahn's true name, address, telephone number and email address. The Petition does not provide a proposed subpoena for the Court's review. However, Petitioner attaches a letter from Google Legal Support stating that Google will not disclose subscriber information to third parties absent a subpoena or other appropriate legal process. Although the letters says nothing about Google's document retention policy, Petitioner

asserts that "information is destroyed in the regular course of YouTube's business and will be unavailable to Petitioner after it is destroyed."

Rule 27(a) allows parties to obtain deposition testimony before litigation has commenced where the Court is "satisfied that the perpetuation of testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). A party seeking discovery under Rule 27(a) must show: (1) that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought; (2) the subject matter of the expected action and the petitioner's interest therein; (3) the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it; (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known; and (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each; and (6) shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony. Fed. R. Civ. P. 27(a)(1). "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories." Fed. R. Civ. P. 27(a)(3).

Courts have held that the requirements of Rule 27(a) have been met where an individual seeking discovery: (1) shows he is acting in "anticipation of litigation in federal court"; (2) "adequately explain[s]" the substance of the testimony he seeks to obtain; and (3) presents evidence that there is a "significant risk" that the evidence will be lost if it is not perpetuated. Calderon v. U.S. Dist. Court, 144 F.3d 618, 621-622 (9th Cir. 1998). The scope of the inquiry that may be permitted under Rule 27 is narrower than that which is permissible under Federal Rule of Civil Procedure 26(b), the more general rule governing discovery. Nevada v. O'Leary, 63 F.3d 932, 936 (9th Cir.1995). In particular, Rule 27 may be used only to perpetuate important "known testimony" that might otherwise be lost. Id. Though the Petition before this Court meets some of the procedural requirements for Rule 27(a), the Petition is overly vague as to the risk that some

unspecified information may be destroyed in the regular course of YouTube's business, and there is no "evidence" of a "significant risk" of lost evidence. The Petition brought under Rule 27 is DENIED on this basis.

Further, there is a problem of Notice under Rule 27. Under Rule 27(a)(2):

> At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. If any expected adverse party is a minor or is incompetent, Rule 17(c) applies.

The rule contemplates a hearing after notice to expected adverse parties, and in this case Tateyr Kahn is an expected adverse party but, by Petitioner's own assertion, there is no way to serve this party with notice of the hearing when the party's true identity and contact information are unknown.

Finally, there appears to be more appropriate mechanism for attempting to obtain the information sought by Petitioner. Following the filing of a complaint, Petitioner could seek early discovery to determine the defendant's true identity under Rule 26(d). A court may authorize early discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). "[W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). Leave to take limited discovery will be granted in those rare circumstances where certain safeguards are met that "will ensure that this unusual procedure will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578 (N.D. Cal. 1999).

**IT IS SO ORDERED.**

Dated: September 8, 2015



ELIZABETH D. LAPORTE
United States Magistrate Judge